UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MICHELLE MILES,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

1:03-cv-02063-ENV

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 3 1 2006 ★

P.M. _____
TIME A.M. _____

VITALIANO, D.J.

Michelle Miles brought this petition, dated April 21, 2003, pursuant to 28 U.S.C. § 2255, challenging her convictions and sentence for conspiracy to distribute and possess with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 846, and distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841.

Petitioner was a "business manager" for a crack and heroin distribution network that operated out of the Marcy Houses, a public housing facility in Brooklyn, New York. Trial testimony showed that she had hired and overseen the operation's workers.

Petitioner's original petition claimed that: (i) her sentence violates the Fifth Amendment's double jeopardy clause because she had been previously acquitted of conduct that was used to enhance her sentence; (ii) her conviction and sentence violated the standards set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (iii) her counsel was ineffective at sentencing. By supplemental memorandum, dated February 4, 2004, petitioner also claims that her counsel was ineffective due to his failure to communicate a plea

offer.

## Discussion

Petitioner argues that the trial court violated the Fifth Amendment's double jeopardy clause when it enhanced her sentence based on conduct for which she had previously been acquitted in state court. This claim is completely without merit as the law in this circuit is clear that an enhancement based on conduct that led to an acquittal does not violate the double jeopardy or due process clauses of the Fifth Amendment. United States v. Rodriguez-Gonzalez, 899 F.2d 177, 181-82 (2d Cir. 1990). Accordingly, counsel could not have been ineffective in failing to raise this issue.

Petitioner's Apprendi claim is improper because petitioner cannot, in a motion to vacate her sentence, relitigate a claim that was raised and resolved on direct appeal. See Giacalone v. United States, 739 F.2d 40, 42 (2d Cir. 1984). Petitioner's Apprendi claim was addressed by the Second Circuit, which found that the trial court, indeed, had committed error, but that it was harmless. United States v. Burrell, 289 F.3d 220, 225 (2d Cir. 2002). Accordingly, whether counsel was ineffective in failing to raise this issue at trial is academic because it was nonetheless considered by the Second Circuit, which determined that the trial court's sentence would have been the same even absent an Apprendi error. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984) ("The defendants must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Thus, the Court rejects petitioner's sentencing claims and also her ineffective assistance of counsel arguments which lie at the root of those claims.

On February 4, 2004, petitioner submitted a supplemental brief in which, for the first time, she alleged ineffective assistance of counsel due to her trial counsel's failure to inform her

of a plea offer. This entirely new and independent claim was not raised in her initial petition. Therefore, this Court will not relate this claim back to the initial petition for purposes of the statute of limitations. See Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000) (holding that a claim of ineffective assistance of counsel due to counsel's failure to convey a plea offer did not relate back to petitioner's initial claim of ineffective assistance of counsel due to errors at sentencing). Petitioner alleges that she first learned of the plea offer while her case was still ongoing, therefore precluding any tolling of the one-year statute of limitations which began to run on July 29, 2002, the date of final judgment, defined by the Supreme Court as the final date on which petitioner could have filed a certiorari petition. Clay v. United States, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079, 155 L.Ed.2d 88, 97 (2003). Petitioner's newly added claim, which was submitted for the first time on February 9, 2004, falls outside of the one-year limitation period and is thus dismissed as untimely. 28 U.S.C. § 2255.

The Court has considered petitioner's remaining arguments and finds them to be without merit.

The petition for a writ of habeas corpus is **DENIED**. No certificate of appealability is granted with respect to any of petitioner's claims as she has made no substantial showing that she has been denied a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. 2253; Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**SO ORDERED.**

Dated: Brooklyn, New York
May 31, 2006

/s/ Hon. Eric N. Vitaliano
———————————————
ERIC N. VITALIANO
United States District Judge